**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**WALTER AYLOR**                                                                                    **PLAINTIFF**

v.                            **CASE NO. 4:08-CV-00620 BSM**

**BRYANT SCHOOL DISTRICT NO. 25**                                            **DEFENDANT**

## ORDER

Defendant Bryant School District No. 25 (the District) moves for summary judgment (Doc. No. 16) on plaintiff Walter Aylor's claim that he was terminated in violation of the Americans with Disabilities Act. Viewing the facts in the light most favorable to Aylor, it is clear that no issues of material fact are in dispute and that Aylor is not disabled as defined by the ADA. Summary judgment is therefore granted to the District and Aylor's case is hereby dismissed with prejudice.

### I. FACTUAL BACKGROUND

Aylor worked for the District as a bus driver and maintenance employee from 2004 to 2007. On August 29, 2005, Aylor suffered a work-related injury to his right shoulder. Defendant's statement of material facts as to which no genuine issue exists ("Undisputed facts"), ¶ 3. Following his injury, Aylor provided the District with written work restrictions from his treating doctor. Letter dated August 10, 2006, attached at Exhibit 1 to Plaintiff's brief and statement in opposition to defendant's motion for summary judgment ("Pltf.'s resp."). Aylor's doctor released him from treatment on August 10, 2006, and wrote a letter imposing permanent work restrictions on him, including "limited overhead activities, no

jackhammers [and] no lifting over 75 pounds." *Id.* The letter assigned a permanent disability rating of 5% to Aylor's right upper extremity but specifically provided that "it is okay for him to drive his bus, which is the majority of his duties." *Id.*

Aylor ruptured his left distal biceps tendon in another work-related accident on August 16, 2006. Undisputed facts, ¶ 4. Aylor's doctor wrote a letter on January 10, 2007 releasing him from treatment and assigning him a permanent disability rating of 5% to his upper left extremity. Letter dated January 10, 2007, attached at Exhibit 1 to Pltf.'s resp. That letter also provided that it was important for Aylor to stay away from "heavy lifting activities." *Id.* In a letter dated January 19, 2007, Aylor's doctor clarified that he imposed the same permanent work restrictions on Aylor's left arm that he had previously placed on Aylor's right arm. Letter dated January 19, 2007, attached at Exhibit 1 to Pltf.'s resp. Aylor's doctor later advised him not to work on the lawn crew due to a "serious allergy problem" that Aylor has. Family Practice Associates note, attached at Exhibit 1 to Pltf's resp.

Approximately nine months later, on September 12, 2007, the District placed Aylor on indefinite leave without pay. Although Aylor cannot remember exactly why he was placed on leave, he states that:

> I don't remember the exact thing on September the 12th, but there were so many different things that went on during that time. I would be put on light duty for a while, and then I would be pulled off light duty and put on something I couldn't do and then back on light duty. It went back and forth so many times that it's hard to remember that exact date that you are talking about.

Deposition of Walter Aylor, p. 33, attached at Exhibit C to Defendant's motion for summary judgment ("Deft.'s motion").  In October 2007, he started working at the Home Depot and has worked there for the last two years..  Exhibit C, Aylor deposition, Deft.'s motion, 36.

On March 10, 2008, Aylor filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  Undisputed facts, ¶ 7. The EEOC issued a notice of right to sue on April 21, 2008 and Aylor filed this case on July 18, 2008, claiming that the District was aware that he was disabled and that the District failed to reasonably accommodate him, in violation of the ADA.  He also claims that he was placed on leave without pay because of his disability.  He is seeking declaratory judgment holding that the District's actions were discriminatory and in violation of the ADA.  He also seeks back pay, front pay, pre-judgment interest, post-judgment interest, compensatory damages for mental pain and anguish, punitive damages, attorney's fees and costs.  Finally, he asks that the District be enjoined from further violating the ADA and other anti-discrimination laws.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper when there are no genuine issues of material fact in dispute and the moving party is entitled to a judgment as a matter of law.  *Nelson v. Corr. Med. Servs.,* 533 F.3d 958, 961 (8 th Cir. 2008) (citing Fed. R. Civ. P. 56; *Brown v. Fortner*, 518 F.3d 552, 558 (8th Cir. 2008)).  When reviewing the record pursuant to a summary judgment request, all evidence must be viewed in the light most favorable to the nonmoving party.  *Id.*  The moving party must demonstrate an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Once the moving party demonstrates that there are no genuine issues of material fact in dispute, the nonmoving party cannot rest on mere allegations or denials found in his pleading, but must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).  Further, the nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The mere existence of an alleged factual dispute will not defeat a properly supported motion for summary judgment because there must be an actual factual dispute that is material to the outcome of the case. *Bloom v. Metro Heart Group of St. Louis, Inc.*, 440 F.3d 1025, 1029 (8th Cir. 2006); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1985).

## III.  DISCUSSION

To satisfy his burden of proof in on his claim that the District violated the ADA, Aylor must establish that he: (1) was a disabled person within the meaning of the ADA, (2) was qualified to perform the essential functions of the job, and (3) suffered an adverse employment action under circumstances giving rise to an inference of unlawful discrimination. *Kozisek v. County of Seward, Nebraska*, 539 F.3d 930, 934 (8th Cir. 2008). The District argues that summary judgment is appropriate because Aylor is not disabled.  The District's motion for summary judgment is granted because there are no genuine issues of material fact in dispute and because the record, when viewed in the light most favorable to Aylor, establishes that he is not disabled as defined by the ADA.

The ADA defines disability as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1); *see also Christensen v. Titan Distrib., Inc.,* 481 F.3d 1085, 1093 (8th Cir. 2007). Moreover, to qualify as disabled, the person seeking this designation must have "a record of such an impairment" or has to have been "regarded as having such an impairment." *Id.* .

It is undisputed that Aylor has certain physical injuries. The District, however, argues that Aylor's injuries do not substantially limit him from performing major life activities. Whether an individual is substantially limited in a major life activity is a determination that is made on a case by case basis. *Fjellestad v. Pizza Hut of America, Inc.*, 188 F.3d 944, 949 (8th Cir. 1999) (citing *Doane v. City of Omaha*, 115 F.3d 624, 627 (8th Cir. 1997)). In making this determination, courts look at the nature and severity of the impairment, the duration or anticipated duration of the impairment, and the long-term impact of the impairment. *Wood v. Crown Redi-Mix, Inc.*, 339 F.3d 682, 685 (8th Cir. 2003) (citing 29 C.F.R. § 1630.2(j)(2); *Cooper v. Olin Corp.*, *Winchester Div.,* 246 F.3d 1083, 1088 (8th Cir. 2001)).

Aylor states that he is disabled because he is substantially limited from working, which is a recognized major life activity. Pltf.'s resp., 3. The record, however, shows that Aylor is not disabled because there are jobs that he can still perform. Although working is a major life activity, see 29 C.F.R. § 1630.2(I); 45 C.F.R. § 84.3(j)(2)(ii); *Nuzum v. Ozark Auto. Distrib., Inc.*, 432 F.3d 839, 844 (8th Cir. 2005), to prove he is disabled, Aylor must show an inability to work in a "broad range of jobs," rather than a specific job. *Toyota Motor*

*Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 200 (citing 29 C.F.R. § 1630.2(j)(3)); *see also Sutton v. United Air Lines, Inc.*, 527 U.S. 471 (1999). Simply showing that one is limited in performing one job or a narrow set of jobs does not show that one is disabled. *Shively v. City of Martinsville, Va.,* 2009 WL 3615014, *4 (W.D.Va., 2009) (citing 29 C.F.R. § 1630.2(j)(3)(I)).

Aylor states that his job opportunities are limited because he has only a high school education and no college or relevant job training. Exhibit 5, Pltf.'s resp. He further states that, although he received communications training and medical training while serving in the United States Air Force many years ago, that training is outdated and useless. Pltf.'s Resp., 3. The problem with Aylor's argument is that, despite his lack of education and updated training, he worked for the District for many years. This shows that he is employable despite his lack of education and training. Moreover, while there is no doubt that Aylor's job opportunities have been limited by the restrictions placed on him because of his injuries, these restrictions have not foreclosed on his ability to work. Indeed, he has never stopped working. When he left the District in September 2007, he started working at the Home Depot in October 2007 and was working there as late as one month ago, in October 2009. Exhibit C, Aylor deposition, Deft.'s motion, 36. Further, Aylor continued to work for the District for many months despite his restrictions, Pltf.'s Resp., 4, and admits that he "can do a lot of light duty stuff if it doesn't require heavy lifting." Exhibit C, Aylor deposition, Deft.'s motion, 60.

## IV.  CONCLUSION

After viewing the facts in the light most favorable to Aylor, it is clear that there are no material issues of fact in dispute and that Aylor is not disabled pursuant to the ADA. Therefore, the District's motion for summary judgment is granted and Aylor's claims are dismissed with prejudice.

IT IS SO ORDERED this 24th day of November, 2009.

_____
UNITED STATES DISTRICT JUDGE