# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**WALTER AYLOR**                                                    **PLAINTIFF**

**v.**                            **CASE NO. 4:08-CV-00620 BSM**

**BRYANT SCHOOL DISTRICT NO. 25**                      **DEFENDANT**

<u>ORDER</u>

Summary judgment was granted to Defendant Bryant School District No. 25 ("the District") on November 24, 2009 (Doc. No. 30) and the District now requests that Plaintiff Walter Aylor be ordered to reimburse it for the $542.70 in costs it incurred in defending this case (Doc. No. 32). Plaintiff Walter Aylor has not responded.

Federal Rule of Civil Procedure 54(d)(1) provides that, "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Moreover, 28 U.S.C. § 1920 defines "costs" and sets forth the categories of trial expenses awardable to a prevailing party under Rule 54(d), including: "(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;" and "(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case ." Indeed, the Eighth Circuit has held that "[a] prevailing party is presumptively entitled to recover all of its costs." *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006).

The District requests $28.50 in printing and copying costs and $514.20 for transcription by court reporters. These costs are reasonable and should therefore be awarded.

Accordingly, the District's bill of costs (Doc. No. 32) is granted and Plaintiff Walter Aylor is hereby ordered to pay the District's costs in the amount of $542.70.

IT IS SO ORDERED this 11th day of January, 2010.

_____
UNITED STATES DISTRICT JUDGE